IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

A.R.,

    Plaintiff,

v.                                         Case No. 18-CV-1554

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM
and MICHAEL BEITZ,

    Defendants.

## DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Board of Regents of the University of Wisconsin System, by its undersigned attorneys, answers the plaintiff's complaint as follows:

### I. JURISDICTION AND VENUE

1. Defendant DENIES depriving the Plaintiff of any rights.

2. Defendant ADMITS jurisdiction is proper.

3. Defendant ADMITS venue is proper.

### II. PARTIES

4. Defendant ADMITS A.R. was enrolled as an undergraduate student at the University of Wisconsin-Oshkosh (UW-Oshkosh) from Fall 2010 – Fall 2016; AFFIRMATIVELY ALLEGE Plaintiff withdrew from the Fall 2013 and Spring 2014 semesters; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

5. Defendant ADMITS.

6. Defendant ADMITS that Michael Beitz was employed as an Assistant Professor of Sculpture in the Fine Arts Department at UW-Oshkosh from August 2011 – June 2015; lacks sufficient knowledge or information to form a belief as to the truth of the allegation of where Plaintiff resides; DENIES the remaining allegations.

### III. FACTUAL ALLEGATIONS

7. Defendant ADMITS Plaintiff was enrolled as an undergraduate student at UW-Oshkosh from Fall 2010 – Fall 2016; AFFIRMATIVELY ALLEGES Plaintiff withdrew from the Fall 2013 and Spring 2014 semesters.

8. Defendant ADMITS Plaintiff withdrew from the Spring 2014 semester; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

9. Defendant ADMITS.

10. Defendant ADMITS Plaintiff was a student in art courses taught by Professor Beitz each semester from Fall 2011 – Fall 2013; ADMITS Plaintiff was Professor Beitz's sculpture studio assistant; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

15. Defendant DENIES Professor Beitz is 13-years older than Plaintiff; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

18. Defendant ADMITS Plaintiff shared a hotel room with Professor Beitz in Michigan in March or April 2012; ADMITS Plaintiff was a student in a course taught by Professor Beitz during the Spring 2012 semester; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

19. Defendant ADMITS Professor Beitz traveled to New York City with students, including Plaintiff; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

22. Defendant ADMITS Gail Panske received an email from the mother of another student and an email from a student; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

23. Defendant DENIES.

24. Defendant DENIES.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation and therefore, DENIES.

36. Defendant ADMITS Plaintiff was enrolled in a course taught by Professor Beitz in the Fall 2013 semester; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

37. Defendant ADMITS Plaintiff withdrew from the Fall 2013 semester; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

38. Defendant ADMITS Plaintiff withdrew from the Spring 2014 semester; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

39. Defendant ADMITS that in March 2014 Plaintiff emailed Panske and Trina Smith in response to emails they individually sent to Plaintiff; AFFIRMATIVELY ALLEGES the emails speak for themselves; lacks sufficient

knowledge or information to form a belief as to the truth of any remaining allegations and therefore, DENIES.

40. Defendant ADMITS.

41. Defendant ADMITS Panske spoke to Professor Beitz; DENIES the remaining allegations.

42. Defendant ADMITS Plaintiff spoke to Kipetz by phone in April and May 2014; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

44. Defendant ADMITS Professor Beitz spoke to the Plaintiff on the phone during the Fall 2014 semester; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENY.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

49. Defendant ADMITS that on May 6, 2014, July 2, 2014 and in mid-August 2014, Kipetz told Beitz not to have contact with the Plaintiff; ADMITS Beitz was not disciplined in 2014; lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

51. Defendant ADMITS that on November 21, 2014 Plaintiff filed a Title IX Complaint; lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegation and therefore, DENIES.

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

53. Defendant ADMITS that the University investigated plaintiff's allegations and issued a report finding that Beitz had violated the policies identified.

54. Defendant DENIES and AFFIRMATIVELY ALLEGES the investigative report findings from Roter and Water speak for themselves.

55. Defendant DENIES and AFFIRMATIVELY ALLEGES the conduct referenced in the investigative report speaks for itself.

56. Defendant DENIES and AFFIRMATIVELY ALLEGES the conduct referenced in the investigative report speaks for itself.

57. Defendant DENIES and AFFIRMATIVELY ALLEGES the "result of the conduct," as identified by the investigators in the investigative report, speaks for itself.

58. Defendant DENIES.

59. Defendant DENIES.

60. Defendant ADMITS that Pankse was the Art Department Chair and Beitz' supervisor; ADMITS that Panske received email communications in January 2013 as previously identified, and that Plaintiff contacted her in March 2014; DENY the remaining allegations.

60. Defendant DENIES.

61. Defendant DENIES it is liable for any damages the Plaintiff seeks in this case.

## IV. FIRST CAUSE OF ACTION

62. Defendant realleges its responses to paragraphs 1-62 above.

63. Defendant DENIES.

64. Defendant DENIES.

65. Defendant DENIES.

66. Defendant DENIES.

## V. SECOND CAUSE OF ACTION

67. Defendant realleges its responses to paragraphs 1-67 above.

68. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

69. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

70. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

71. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

## VI. THIRD CAUSE OF ACTION

72. Defendant realleges its responses to paragraphs 1-72 above.

73. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

74. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

75. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation and therefore, DENIES.

## VII. FOURTH CAUSE OF ACTION

76. Defendant realleges its responses to paragraphs 1-76 above.

77. Defendant DENIES.

78. Defendant DENIES.

79. Defendant DENIES.

80. Defendant DENIES.

## VIII. JURY DEMAND

Defendant ADMITS that Plaintiff has requested a jury trial.

Defendant DENIES that Plaintiff is entitled to any of the relief that she seeks.

## DEFENSES

1. All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. Plaintiff failed to mitigate her damages.

3. The Board of Regents of the University of Wisconsin-Madison is entitled to sovereign immunity.

4. Punitive damages are not available against the Board of Regents of the University of Wisconsin-Madison.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of reasonable attorney fees and expenses.

Dated: 12/19/18

Respectfully submitted,

BRAD D. SCHIMEL
Wisconsin Attorney General

Anne M. Bensky
Assistant Attorney General
State Bar #1069210

s/ Shannon A Conlin
SHANNON A. CONLIN
Assistant Attorney General
State Bar #1089101

                                            Attorneys for Defendant Board of Regents of
                                            the University of Wisconsin System

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1677 (Conlin)
(608) 264-9451 (Bensky)
(608) 267-8906 (Fax)
conlinsa@doj.state.wi.us
benskyam@doj.state.wi.us