UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---------------------------------------------------------------------------------------------------------------

A.R.,

                      Plaintiff,                      Case No.  18-CV-1554

     vs.

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
MICHAEL BEITZ, and GAIL PANSKE,

                  Defendants.

---------------------------------------------------------------------------------------------------------------

## ANSWER TO AMENDED COMPLAINT

---------------------------------------------------------------------------------------------------------------

Defendant Michael Beitz ("Beitz"), by his attorneys Gimbel, Reilly, Guerin &
Brown LLP, responds to plaintiff's Amended Complaint as follows:

### JURISDICTION AND VENUE

1.      Beitz denies the allegations contained in paragraph no. 1 of plaintiff's
Amended Complaint.

2.      Beitz states that the allegations contained in paragraph no. 2 of plaintiff's
Amended Complaint call for a legal conclusion to which no response is required.  To the
extent that a response is required, Defendants lack sufficient information in order to form
a belief as to the truth or falsity of the allegations and therefore denies such and puts
plaintiff to her proof.

3.     Beitz states that the allegations contained in paragraph no. 3 of plaintiff's Amended Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendants lack sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies such and puts plaintiff to her proof.

## PARTIES

4.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 4 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

5.     Beitz admits the allegations contained in paragraph no. 5 of plaintiff's Amended Complaint.

6.     Beitz admits he is an adult resident of the State of Colorado with a business address of 1085 18th Street, UCB 318, Boulder, CO 80309-0318.  Beitz denies all other allegations contained in paragraph no. 6 of plaintiff's Amended Complaint.

7.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 7 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

## FACTUAL ALLEGATIONS

8.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 8 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

9.      Beitz denies the allegations in paragraph no. 9 of plaintiff's Amended Complaint and puts plaintiff to her proof.

10.      Beitz admits the allegations contained in paragraph no. 10 of plaintiff's Amended Complaint.

11.      Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 11 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

12.      Beitz denies the allegations in paragraph no. 12 of plaintiff's Amended Complaint and puts plaintiff to her proof.

13.      Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 13 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

14.      Beitz denies the allegations in paragraph no. 14 of plaintiff's Amended Complaint and puts plaintiff to her proof.

15.      Beitz denies the allegations in paragraph no. 15 of plaintiff's Amended Complaint and puts plaintiff to her proof.

16.      Beitz denies the allegations in paragraph no. 16 of plaintiff's Amended Complaint and puts plaintiff to her proof.

17.      Beitz denies the allegations in paragraph no. 17 of plaintiff's Amended Complaint and puts plaintiff to her proof.

18.      Beitz denies the allegations in paragraph no. 18 of plaintiff's Amended Complaint and puts plaintiff to her proof.

19.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 19 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

20.     Beitz denies the allegations in paragraph no. 20 of plaintiff's Amended Complaint and puts plaintiff to her proof.

21.     Beitz denies the allegations in paragraph no. 21 of plaintiff's Amended Complaint and puts plaintiff to her proof.

22.     Beitz denies the allegations in paragraph no. 22 of plaintiff's Amended Complaint and puts plaintiff to her proof.

23.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 23 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

24.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 24 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

25.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 25 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

26.     Beitz denies the allegations in paragraph no. 26 of plaintiff's Amended Complaint and puts plaintiff to her proof.

27.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 27 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

28.     Beitz denies the allegations in paragraph no. 28 of plaintiff's Amended Complaint and puts plaintiff to her proof.

29.     Beitz denies the allegations in paragraph no. 29 of plaintiff's Amended Complaint and puts plaintiff to her proof.

30.     Beitz denies the allegations in paragraph no. 30 of plaintiff's Amended Complaint and puts plaintiff to her proof.

31.     Beitz denies the allegations in paragraph no. 31 of plaintiff's Amended Complaint and puts plaintiff to her proof.

32.     Beitz denies the allegations in paragraph no. 32 of plaintiff's Amended Complaint and puts plaintiff to her proof.

33.     Beitz denies the allegations in paragraph no. 33 of plaintiff's Amended Complaint and puts plaintiff to her proof.

34.     Beitz denies the allegations in paragraph no. 34 of plaintiff's Amended Complaint and puts plaintiff to her proof.

35.     Beitz denies the allegations in paragraph no. 35 of plaintiff's Amended Complaint and puts plaintiff to her proof.

36.     Beitz denies the allegations in paragraph no. 36 of plaintiff's Amended Complaint and puts plaintiff to her proof.

37.     Beitz denies the allegations in paragraph no. 37 of plaintiff's Amended Complaint and puts plaintiff to her proof.

38.     Beitz denies the allegations in paragraph no. 38 of plaintiff's Amended Complaint and puts plaintiff to her proof.

39.     Beitz denies the allegations in paragraph no. 39 of plaintiff's Amended Complaint and puts plaintiff to her proof.

40.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 40 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

41.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 41 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

42.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 42 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

43.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 43 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

44.     Beitz denies the allegations in paragraph no. 44 of plaintiff's Amended Complaint and puts plaintiff to her proof.

45.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 45 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

46.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 46 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

47.     Beitz denies the allegations in paragraph no. 47 of plaintiff's Amended Complaint and puts plaintiff to her proof.

48.     Beitz denies the allegations in paragraph no. 48 of plaintiff's Amended Complaint and puts plaintiff to her proof.

49.     Beitz denies the allegations in paragraph no. 49 of plaintiff's Amended Complaint and puts plaintiff to her proof.

50.     Beitz denies the allegations in paragraph no. 50 of plaintiff's Amended Complaint and puts plaintiff to her proof.

51.     Beitz denies the allegations in paragraph no. 51 of plaintiff's Amended Complaint and puts plaintiff to her proof.

52.     Beitz denies the allegations in paragraph no. 52 of plaintiff's Amended Complaint and puts plaintiff to her proof.

53.     Beitz denies the allegations in paragraph no. 53 of plaintiff's Amended Complaint and puts plaintiff to her proof.

54. Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 54 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

55. Beitz denies the allegations in paragraph no. 55 of plaintiff's Amended Complaint and puts plaintiff to her proof.

56. Beitz admits the University issued a report on March 11, 2015, however Beitz denies the conclusions and findings of the report contained in paragraph no. 56 of plaintiff's Amended Complaint.

57. Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 57 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

58. Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 58 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

59. Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 59 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

60. Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 60 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

61. Beitz denies the allegations in paragraph no. 61 of plaintiff's Amended Complaint and puts plaintiff to her proof.

62.     Beitz denies the allegations in paragraph no. 62 of plaintiff's Amended Complaint and puts plaintiff to her proof.

63.     Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations contained in paragraph no. 63 of plaintiff's Amended Complaint and therefore denies such and puts plaintiff to her proof.

64.     Beitz denies the allegations in paragraph no. 64 of plaintiff's Amended Complaint and puts plaintiff to her proof.

65.     Beitz denies the allegations in paragraph no. 65 of plaintiff's Amended Complaint and puts plaintiff to her proof.

### FIRST CAUSE OF ACTION

66.     Beitz incorporates by reference as if fully stated herein all other responses set forth in this answer and to the extent a response is required, Beitz denies any allegations contained in paragraph no. 66 of plaintiff's Amended Complaint.

67.     Beitz states that the allegations contained in paragraph no. 67 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.  Further, Beitz denies any sexual harassment allegation.

68.     Beitz states that the allegations contained in paragraph no. 68 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the

allegations and therefore denies and puts plaintiff to her proof. Further, Beitz denies any sexual harassment allegation.

69. Beitz states that the allegations contained in paragraph no. 69 call for a legal conclusion to which no response is required. To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.

70. Beitz states that the allegations contained in paragraph no. 70 call for a legal conclusion to which no response is required. To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.

## SECOND CAUSE OF ACTION

71. Beitz incorporates by reference as if fully stated herein all other responses set forth in this answer and to the extent a response is required, Beitz denies any allegations contained in paragraph no. 71 of plaintiff's Amended Complaint.

72. Beitz states that the allegations contained in paragraph no. 72 call for a legal conclusion to which no response is required. To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

73. Beitz states that the allegations contained in paragraph no. 73 call for a legal conclusion to which no response is required. To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

74.     Beitz states that the allegations contained in paragraph no. 74 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

75.     Beitz states that the allegations contained in paragraph no. 75 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

**THIRD CAUSE OF ACTION**

76.     Beitz incorporates by reference as if fully stated herein all other responses set forth in this answer and to the extent a response is required, Beitz denies any allegations contained in paragraph no. 76 of plaintiff's Amended Complaint.

77.     Beitz states that the allegations contained in paragraph no. 77 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

78.     Beitz states that the allegations contained in paragraph no. 78 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

79.     Beitz states that the allegations contained in paragraph no. 79 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz denies and puts plaintiff to her proof.

## FOURTH CAUSE OF ACTION

80.     Beitz incorporates by reference as if fully stated herein all other responses set forth in this answer and to the extent a response is required, Beitz denies any allegations contained in paragraph no. 80 of plaintiff's Amended Complaint.

81.     Beitz states that the allegations contained in paragraph no. 81 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz denies lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore and puts plaintiff to her proof.  Further, Beitz denies any allegation of retaliatory behavior.

82.     Beitz states that the allegations contained in paragraph no. 82 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.  Further, Beitz denies any allegation of retaliatory behavior.

83.     Beitz states that the allegations contained in paragraph no. 83 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.  Further, Beitz denies any allegation of retaliatory behavior.

84.     Beitz states that the allegations contained in paragraph no. 84 call for a legal conclusion to which no response is required.  To the extent that a response is required,

Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.

## FIFTH CAUSE OF ACTION

85.     Beitz incorporates by reference as if fully stated herein all other responses set forth in this answer and to the extent a response is required, Beitz denies any allegations contained in paragraph no. 85 of plaintiff's Amended Complaint.

86.     Beitz states that the allegations contained in paragraph no. 86 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.  Further, Beitz denies any sexual harassment allegation.

87.     Beitz states that the allegations contained in paragraph no. 87 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.  Further, Beitz denies any sexual harassment allegation.

88.     Beitz states that the allegations contained in paragraph no. 88 call for a legal conclusion to which no response is required.  To the extent that a response is required, Beitz lacks sufficient information in order to form a belief as to the truth or falsity of the allegations and therefore denies and puts plaintiff to her proof.  Further, Beitz denies any sexual harassment allegation.

# JURY DEMAND

Beitz admits that plaintiff demanded a trial by jury.  Further, Beitz demands a trial by jury in this matter.  Beitz denies that plaintiff is entitles to any of the relief sought.

## AFFIRMATIVE DEFENSES

1.     All or portions of plaintiff's complaint must be dismissed to the extent that plaintiff failed to exhaust administrative remedies.

2.     Plaintiff failed to mitigate her damages.

3.     Plaintiff's claims may be barred by the applicable statutes of limitation.

4.     Any relationship that may have existed between plaintiff and Beitz was consensual in nature.

5.     Plaintiff's claims may be barred by the equitable doctrines of laches.

6.     Plaintiff's claims may be barred by the equitable doctrines of estoppel.

7.     The injuries and damages sustained by the Plaintiff, if any, were caused in whole or in part by the acts or omission of the Plaintiff or persons other than this Defendant.

8.     The Complaint fails to state a claim upon which relief may be granted.

9.     The Defendant at all times relevant acted in good faith and was not motivated by malice or intent to harm.

10.     At this time, Beitz alleges all affirmative defenses required to be asserted under Fed. Rule Civ. P. 8(c), for the purposes of avoiding waiver of any such defenses as they may later apply.  Beitz also reserves the right to assert any affirmative defenses that may become available during the course of future discovery in this lawsuit.

WHEREFORE, Beitz demands judgment dismissing plaintiff's Amended Complaint on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of reasonable attorney fees and expenses.

Dated this 8th day of March, 2019.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

s/ Jason D. Luczak
JASON D. LUCZAK
State Bar No. 1070883
BRIANNA J. MEYER
State Bar No. 1098293
Attorneys for Defendant Michael Beitz

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone:  (414) 271-1440
Fax:  (414) 271-7680
Email: jluczak@grgblaw.com